# EXHIBIT C

# SECRECY/NONDISCLOSURE AGREEMENTS
## (Redacted)

Defendants' Motion for Summary
Judgment and Motion to Dismiss
Stillman v. CIA, 1:01CV01342(EGS)

Stillman v. DOE, et al.,
C.A. No. 1:01CV01342 (D.D.C.)

## Secrecy/Nondisclosure Agreements

| Tab | Date |  |
|-----|------|--|
| 1 | 9-8-81 | "Secrecy Agreement" (Form 10-17/1060) |
| 2 | 4-21-82 | "Sensitive Compartmented Information Nondisclosure Agreement" (Form 7-81/4193) |
| 3 | 10-23-85 | "Sensitive Compartmented Information Nondisclosure Agreement" with Security Briefing Acknowledgment (Form 12-81/4193) |
| 4 | 12-18-86 | "Sensitive Compartmented Information Nondisclosure Agreement" with Security Briefing Acknowledgment (Form 12-81/4193) |
| 5 | 6-29-87 | "Classified Information Nondisclosure Agreement (Industrial/Commercial/Non-Government)" (Form 189-A (6-86) |
| 6 | 12-16-88 | Security Certification (from "Security at LANL" handout) |
| 7 | 2-15-95 | "Security Termination Statement" (DOE Form 5631.29 (8.86)) - "Transferring Clearance" written at top |
| 8 | 10-20-95 | "Security Termination Statement" (DOE Form 5631.29(8-86)) - debriefing only re Q clearance at DOE (written at bottom) |
| 9 | 12-8-95 | "Security Acknowledgment" (DOE Form) |
| 10 | 5-20-96 | "Sensitive Compartmented Information Nondisclosure Agreement" with Security Debriefing Acknowledgment (Form 4414) |

**Tab 1**

**"Secrecy Agreement" (Form 10-17/1060)
Dated 9-8-81**

## SECRECY AGREEMENT

1. I, ___Danny B. Stillman___, understand that I may be the recipient of information and intelligence that concern the present and future security of the United States and belong to the United States. This information and intelligence, together with the methods of collecting and handling it, are classified according to security standards set by the U.S. Government. I have read and understand the provisions of the espionage laws (sections 793, 794, and 798 of Title 18, United States Code) concerning the disclosure of information relating to the national defense and I am familiar with the penalties provided for the violation thereof.

2. I agree that I will never divulge, publish, or reveal either by word, conduct, or any other means such information or intelligence unless specifically authorized to do so by an authorized representative of the U.S. Government.

3. I understand that this agreement will remain binding upon me even after the termination of my relationship with the U.S. Government.

4. Further, I am aware that any violation of this agreement could result in the withdrawal of my approval for access to this project.

5. I understand that travel into, over, or through any Communist controlled country may constitute a security risk. I, therefore, agree to advise the sponsoring activity of any such travel so that I may receive its security advice and guidance concerning such travel.

6. I am aware that any classified information that I or my organization may possess, compile, or acquire as a result of the contemplated or existing relationship with the U.S. Government may affect the national defense of the United States. I am also aware of and accept the fact that I have a personal and individual responsibility for the protection of all such information in my possession no matter how acquired.

_____, 9/8/81
SIGNATURE · DATE

_____
ORGANIZATION

WITNESS:

_____ 9/8/81
SIGNATURE · DATE

FORM 1060 OBSOLETE PREVIOUS
10-71      EDITIONS                                          (12)

DBS00001.001

**Tab 2**

# "Sensitive Compartmented Information Nondisclosure Agreement" (Form 7-81/4193) Dated 4-21-82

## SENSITIVE COMPARTMENTED INFORMATION
## NONDISCLOSURE AGREEMENT

An Agreement Between     **Danny B. Stillman**          and the United States

(Name – Printed or Typed)

1. Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to information protected within Special Access Programs, hereinafter referred to in this Agreement as Sensitive Compartmented Information. I have been advised that Sensitive Compartmented Information involves or derives from intelligence sources or methods and is classified or classifiable under the standards of Executive Order 12065 or other Executive order or statute. I understand and accept that by being granted access to Sensitive Compartmented Information special confidence and trust shall be placed in me by the United States Government.

2. I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of Sensitive Compartmented Information, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information have been approved for access to it, and I understand these procedures. I understand that I may be required to sign an appropriate acknowledgment upon being granted access to each category of Sensitive Compartmented Information. I further understand that all my obligations under this Agreement continue to exist with respect to such categories whether or not I am required to sign such an acknowledgment.

3. I have been advised that direct or indirect unauthorized disclosure, unauthorized retention, or negligent handling of Sensitive Compartmented Information by me could cause irreparable injury to the United States or be used to advantage by a foreign nation. I hereby agree that I will never divulge such information to anyone who is not authorized to receive it without prior written authorization from the United States Government department or agency (hereinafter Department or Agency) that last authorized my access to Sensitive Compartmented Information. I further understand that I am obligated by law and regulation not to disclose any classified information in an unauthorized fashion.

4. In consideration of being granted access to Sensitive Compartmented Information and of being assigned or retained in a position of special confidence and trust requiring access to Sensitive Compartmented Information, I hereby agree to submit for security review by the Department or Agency that last authorized my access to such information, all information or materials, including works of fiction, which contain or purport to contain any Sensitive Compartmented Information or description of activities that produce or relate to Sensitive Compartmented Information or that I have reason to believe are derived from Sensitive Compartmented Information, that I contemplate disclosing to any person not authorized to have access to Sensitive Compartmented Information or that I have prepared for public disclosure. I understand and agree that my obligation to submit such information and materials for review applies during the course of my access to Sensitive Compartmented Information and thereafter, and I agree to make any required submissions prior to discussing the information or materials with, or showing them to, anyone who is not authorized to have access to Sensitive Compartmented Information. I further agree that I will not disclose such information or materials to any person not authorized to have access to Sensitive Compartmented Information until I have received written authorization from the Department or Agency that last authorized my access to Sensitive Compartmented Information that such disclosure is permitted.

5. I understand that the purpose of the review described in paragraph 4 is to give the United States a reasonable opportunity to determine whether the information or materials submitted pursuant to paragraph 4 set forth any Sensitive Compartmented Information. I further understand that the Department or Agency to which I have submitted materials will act upon them, coordinating within the Intelligence Community when appropriate, and make a response to me within a reasonable time, not to exceed 30 working days from date of receipt.

6. I have been advised that any breach of this Agreement may result in the termination of my access to Sensitive Compartmented Information and retention in a position of special confidence and trust requiring such access, as well as the termination of my employment or other relationships with any Department or Agency that provides me with access to Sensitive Compartmented Information. In addition, I have been advised that any unauthorized disclosure of Sensitive Compartmented Information by me may constitute violations of United States criminal laws, including the provisions of Sections 793, 794, 798, and 952, Title 18, United States Code, and of Section 783(b), Title 50, United States Code. Nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

7. I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement. I have been advised that the action can be brought against me in any of the several appropriate United States District Courts where the United States Government may elect to file the action. Court costs and reasonable attorneys fees incurred by the United States Government may be assessed against me if I lose such action.

FORM
7-81    **4193**

[Replaces Form 4066,
which is obsolete and
will not be used.]

(12)

DBS00002.001

8. I understand that all information to which I may obtain access by signing this Agreement is now and will forever remain the property of the United States Government. I do not now, nor will I ever, possess any right, interest, title, or claim whatsoever to such information. I agree that I shall return all materials, which may have come into my possession or for which I am responsible because of such access, upon demand by an authorized representative of the United States Government or upon the conclusion of my employment or other relationship with the United States Government entity providing me access to such materials. If I do not return such materials upon request, I understand this may be a violation of Section 793, Title 18, United States Code, a United States criminal law.

9. Unless and until I am released in writing by an authorized representative of the Department or Agency that last provided me with access to Sensitive Compartmented Information, I understand that all the conditions and obligations imposed upon me by this Agreement apply during the time I am granted access to Sensitive Compartmented Information, and at all times thereafter.

10. Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect. This Agreement concerns Sensitive Compartmented Information and does not set forth such other conditions and obligations not related to Sensitive Compartmented Information as may now or hereafter pertain to my employment by or assignment or relationship with the Department or Agency.

11. I have read this Agreement carefully and my questions, if any, have been answered to my satisfaction. I acknowledge that the briefing officer has made available Sections 793, 794, 798, and 952 of Title 18, United States Code, and Section 783(b) of Title 50, United States Code, and Executive Order 12065, as amended, so that I may read them at this time, if I so choose.

12. I hereby assign to the United States Government all rights, title and interest, and all royalties, remunerations, and emoluments that have resulted, will result, or may result from any disclosure, publication, or revelation not consistent with the terms of this Agreement.

13. I make this Agreement without any mental reservation or purpose of evasion.

| | |
|---|---|
| _Dan B. Svehla_ | International Technology Office |
| Signature | Organization |
| ~~████████████~~ | _4/21/82_ |
| Social Security Number (See Notice Below) | Date |

The execution of this Agreement was witnessed by the undersigned who accepted it on behalf of the United States Government as a prior condition of access to Sensitive Compartmented Information.

Witness and Acceptance:

| | |
|---|---|
| _David G. Link_ | USAF/AFWL/AFSSO |
| Signature | Organization |
| David G. Link, Major, USAF, ~~████████~~ | _21 April 1982_ |
| Printed Name/SSN (See Notice Below) | Date |

**Notice:** The Privacy Act, 5 U.S.C. 552a, requires that federal agencies inform individuals, at the time information is solicited from them, whether the disclosure is mandatory or voluntary, by what authority such information is solicited, and what uses will be made of the information. You are hereby advised that authority for soliciting your Social Security Account Number (SSN) is Executive Order 9397. Your SSN will be used to identify you precisely when it is necessary to certify that you have access to the information indicated above. While your disclosure of SSN is not mandatory, your failure to do so may delay the processing of such certification.

**Tab 3**

# "Sensitive Compartmented Information Nondisclosure Agreement" with Security Briefing Acknowledgment  (Form 12-81/4193) Dated 10-23-85

An Agreement Between, _____Danny B. Stillman_____ , _____DOE)_____ and the United States

(Name – Printed or Typed)

1. Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to information protected within Special Access Programs, hereinafter referred to in this Agreement as Sensitive Compartmented Information (SCI). I have been advised that SCI involves or derives from intelligence sources or methods and is classified or classifiable under the standards of Executive Order 12065 or other Executive order or statute. I understand and accept that by being granted access to SCI, special confidence and trust shall be placed in me by the United States Government.

2. I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of SCI, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information have been approved for access to it, and I understand these procedures. I understand that I may be required to sign subsequent agreements upon being granted access to different categories of SCI. I further understand that all my obligations under this Agreement continue to exist whether or not I am required to sign such subsequent agreements.

3. I have been advised that direct or indirect unauthorized disclosure, unauthorized retention, or negligent handling of SCI by me could cause irreparable injury to the United States or be used to advantage by a foreign nation. I hereby agree that I will never divulge such information to anyone who is not authorized to receive it without prior written authorization from the United States Government department or agency (hereinafter Department or Agency) that last authorized my access to SCI. I further understand that I am obligated by law and regulation not to disclose any classified information in an unauthorized fashion.

4. In consideration of being granted access to SCI and of being assigned or retained in a position of special confidence and trust requiring access to SCI, I hereby agree to submit for security review by the Department or Agency that last authorized my access to such information, all information or materials, including works of fiction, which contain or purport to contain any SCI or description of activities that produce or relate to SCI or that I have reason to believe are derived from SCI, that I contemplate disclosing to any person not authorized to have access to SCI or that I have prepared for public disclosure. I understand and agree that my obligation to submit such information and materials for review applies during the course of my access to SCI and thereafter, and I agree to make any required submissions prior to discussing the information or materials with, or showing them to, anyone who is not authorized to have access to SCI. I further agree that I will not disclose such information or materials to any person not authorized to have access to SCI until I have received written authorization from the Department or Agency that last authorized my access to SCI that such disclosure is permitted.

5. I understand that the purpose of the review described in paragraph 4 is to give the United States a reasonable opportunity to determine whether the information or materials submitted pursuant to paragraph 4 set forth any SCI. I further understand that the Department or Agency to which I have submitted materials will act upon them, coordinating within the Intelligence Community when appropriate, and make a response to me within a reasonable time, not to exceed 30 working days from date of receipt.

6. I have been advised that any breach of this Agreement may result in the termination of my access to SCI and retention in a position of special confidence and trust requiring such access, as well as the termination of my employment or other relationships with any Department or Agency that provides me with access to SCI. In addition, I have been advised that any unauthorized disclosure of SCI by me may constitute violations of United States criminal laws, including the provisions of Sections 793, 794, 798, and 952, Title 18, United States Code, and of Section 783(b), Title 50, United States Code. Nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

7. I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement. I have been advised that the action can be brought against me in any of the several appropriate United States District Courts where the United States Government may elect to file the action. Court costs and reasonable attorneys fees incurred by the United States Government may be assessed against me if I lose such action.

8. I understand that all information to which I may obtain access by signing this Agreement is now and will forever remain the property of the United States Government. I do not now, nor will I ever, possess any right, interest, title, or claim whatsoever to such information. I agree that I shall return all materials, which may have come into my possession or for which I am responsible because of such access, upon demand by an authorized representative of the United States Government or upon the conclusion of my employment or other relationship with the United States Government entity providing me access to such materials. If I do not return such materials upon request, I understand this may be a violation of Section 793, Title 18, United States Code, a United States criminal law.

9. Unless and until I am released in writing by an authorized representative of the Department or Agency that last provided me with access to SCI, I understand that all conditions and obligations imposed upon me by this Agreement apply during the time I am granted access to SCI, and at all times thereafter.

10. Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect. This Agreement concerns SCI and does not set forth such other conditions and obligations not related to SCI as may now or hereafter pertain to my employment by or assignment or relationship with the Department or Agency.

11. I have read this Agreement carefully and my questions, if any, have been answered to my satisfaction. I acknowledge that the briefing officer has made available Sections 793, 794, 798, and 952 of Title 18, United States Code, and Section 783(b) of Title 50, United States Code, and Executive Order 12065, as amended, so that I may read them at this time, if I so choose.

12. I hereby assign to the United States Government all rights, title and interest, and all royalties, remunerations, and emoluments that have resulted, will result, or may result from any disclosure, publication, or revelation not consistent with the terms of this Agreement.

FORM
12/81   4193   OBSOLETE PREVIOUS [illegible] EDITION

(12)

DBS00003.001

The execution of this Agreement    witnessed by the undersigned who accepted it on ... alf of the United States Government
as a prior condition of access to Sensitive Compartmented Information.

WITNESS and ACCEPTANCE: _____    23 October 1985
                          SIGNATURE                                        DATE

---

## SECURITY BRIEFING ACKNOWLEDGMENT

I hereby acknowledge that I was briefed on the following SCI Special Access Program(s):

SI/TK/GAMMA/TK-O/TK-P

(Special Access Programs by Initials Only)

_____    23 October 1985
Signature of Individual Briefed          Date Briefed

Danny B. Stillman                        Los Alamos National Laboratory
Printed or Typed Name

                                         International Technology Division
                                         Los Alamos, New Mexico
_____
Social Security Number (See Notice Below)    Organization (Name and Address)

I certify that the above SCI access(es) were approved in accordance with relevant SCI procedures and that the briefing presented by
me on the above date was also in accordance therewith.

_____    Los Alamos National Laboratory
Signature of Briefing Officer

Michael E. Busse                         International Technology Division
Printed or Typed Name

_____    Organization (Name and Address)
Social Security Number (See Notice Below)    Los Alamos, New Mexico

---

\*        \*        \*        \*        \*

---

## SECURITY DEBRIEFING ACKNOWLEDGMENT

Having been reminded of my continuing obligation to comply with the terms of this Agreement, I hereby acknowledge that I was de-
briefed on the following SCI Special Access Program(s):

(Special Access Programs by Initials Only)

_____    _____
Signature of Individual Debriefed        Date Debriefed

_____
Printed or Typed Name

_____    _____
Social Security Number (See Notice Below)    Organization (Name and Address)

I certify that the debriefing presented by me on the above date was in accordance with relevant SCI procedures.

_____    _____
Signature of Debriefing Officer

_____    _____
Printed or Typed Name                    Organization (Name and Address)

_____
Social Security Number (See Notice Below)

NOTICE: The Privacy Act, 5 U.S.C. 522a, requires that federal agencies inform individuals, at the time information is solicited from them, whether
the disclosure is mandatory or voluntary, by what authority such information is solicited, and what uses will be made of the information. You are
hereby advised that authority for soliciting your Social Security Account Number (SSN) is Executive Order 9397. Your SSN will be used to identify
you precisely when it is necessary to 1) certify that you have access to the information indicated above, 2) determine that your access to the information
indicated has terminated, or 3) certify that you have witnessed a briefing or debriefing. Although disclosure of your SSN is not mandatory, your failure
to do so may impede such certifications or determinations.

**Tab 4**

**"Sensitive Compartmented Information
Nondisclosure Agreement" with Security
Briefing Acknowledgment  (Form 12-81/4193)
Dated 12-18-86**

SENSITIVE COMP.   TMENTED INFORMATION NONDISCLOSURE AGREEMENT

An Agreement Between   Dan B. Stillman                    (DOE)   and the United States
                     (Name – Printed or Typed)

1. Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to information protected within Special Access Programs, hereinafter referred to in this Agreement as Sensitive Compartmented Information (SCI). I have been advised that SCI involves or derives from intelligence sources or methods and is classified or classifiable under the standards of Executive Order 12065 or other Executive order or statute. I understand and accept that by being granted access to SCI, special confidence and trust shall be placed in me by the United States Government.

2. I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of SCI, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information have been approved for access to it, and I understand these procedures. I understand that I may be required to sign subsequent agreements upon being granted access to different categories of SCI. I further understand that all my obligations under this Agreement continue to exist whether or not I am required to sign such subsequent agreements.

3. I have been advised that direct or indirect unauthorized disclosure, unauthorized retention, or negligent handling of SCI by me could cause irreparable injury to the United States or be used to advantage by a foreign nation. I hereby agree that I will never divulge such information to anyone who is not authorized to receive it without prior written authorization from the United States Government department or agency (hereinafter Department or Agency) that last authorized my access to SCI. I further understand that I am obligated by law and regulation not to disclose any classified information in an unauthorized fashion.

4. In consideration of being granted access to SCI and of being assigned or retained in a position of special confidence and trust requiring access to SCI, I hereby agree to submit for security review by the Department or Agency that last authorized my access to such information, all information or materials, including works of fiction, which contain or purport to contain any SCI or description of activities that produce or relate to SCI or that I have reason to believe are derived from SCI, that I contemplate disclosing to any person not authorized to have access to SCI or that I have prepared for public disclosure. I understand and agree that my obligation to submit such information and materials for review applies during the course of my access to SCI and thereafter, and I agree to make any required submissions prior to discussing the information or materials with, or showing them to, anyone who is not authorized to have access to SCI. I further agree that I will not disclose such information or materials to any person not authorized to have access to SCI until I have received written authorization from the Department or Agency that last authorized my access to SCI that such disclosure is permitted.

5. I understand that the purpose of the review described in paragraph 4 is to give the United States a reasonable opportunity to determine whether the information or materials submitted pursuant to paragraph 4 set forth any SCI. I further understand that the Department or Agency to which I have submitted materials will act upon them, coordinating within the Intelligence Community when appropriate, and make a response to me within a reasonable time, not to exceed 30 working days from date of receipt.

6. I have been advised that any breach of this Agreement may result in the termination of my access to SCI and retention in a position of special confidence and trust requiring such access, as well as the termination of my employment or other relationships with any Department or Agency that provides me with access to SCI. In addition, I have been advised that any unauthorized disclosure of SCI by me may constitute violations of United States criminal laws, including the provisions of Sections 793, 794, 798, and 952, Title 18, United States Code, and of Section 783(b), Title 50, United States Code. Nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

7. I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement. I have been advised that the action can be brought against me in any of the several appropriate United States District Courts where the United States Government may elect to file the action. Court costs and reasonable attorneys fees incurred by the United States Government may be assessed against me if I lose such action.

8. I understand that all information to which I may obtain access by signing this Agreement is now and will forever remain the property of the United States Government. I do not now, nor will I ever, possess any right, interest, title, or claim whatsoever to such information. I agree that I shall return all materials, which may have come into my possession or for which I am responsible because of such access, upon demand by an authorized representative of the United States Government or upon the conclusion of my employment or other relationship with the United States Government entity providing me access to such materials. If I do not return such materials upon request, I understand this may be a violation of Section 793, Title 18, United States Code, a United States criminal law.

9. Unless and until I am released in writing by an authorized representative of the Department or Agency that last provided me with access to SCI, I understand that all conditions and obligations imposed upon me by this Agreement apply during the time I am granted access to SCI, and at all times thereafter.

10. Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect. This Agreement concerns SCI and does not set forth such other conditions and obligations not related to SCI as may now or hereafter pertain to my employment by or assignment or relationship with the Department or Agency.

11. I have read this Agreement carefully and my questions, if any, have been answered to my satisfaction. I acknowledge that the briefing officer has made available Sections 793, 794, 798, and 952 of Title 18, United States Code, and Section 783(b) of Title 50, United States Code, and Executive Order 12065, as amended, so that I may read them at this time, if I so choose.

12. I hereby assign to the United States Government all rights, title and interest, and all royalties, remunerations, and emoluments that have resulted, will result, or may result from any disclosure, publication, or revelation not consistent with the terms of this Agreement.

FORM
12/81   **4193**   OBSOLETE PREVIOUS   [Replaces Forms 4064, 3968, 4192a and 4193b
                  EDITION          which are obsolete and will not be used.]

DBS00004.001

13. I make this Agreement without any mental reservation or purpose of evasion.

_[signature]_        12/18/86

SIGNATURE                DATE

The execution of this Agreement was witnessed by the undersigned who accepted it on behalf of the United States Government as a prior condition of access to Sensitive Compartmented Information.

WITNESS and ACCEPTANCE: _Michael E. Busse_      12/18/86

SIGNATURE                                DATE

---

## SECURITY BRIEFING ACKNOWLEDGMENT

I hereby acknowledge that I was briefed on the following SCI Special Access Program(s):

SI/TK/GAMMA

(Special Access Programs by Initials Only)

_[signature]_              12/18/86

Signature of Individual Briefed        Date Briefed

Dan B. Stillman              Los Alamos National Laboratory

Printed or Typed Name           International Technology Division

Los Alamos, New Mexico

Social Security Number (See Notice Below)     Organization (Name and Address)

I certify that the above SCI access(es) were approved in accordance with relevant SCI procedures and that the briefing presented by me on the above date was also in accordance therewith.

_Michael E. Busse_              Los Alamos National Laboratory

Signature of Briefing Officer

Michael E. Busse              International Technology Division

Printed or Typed Name           Organization (Name and Address)

Los Alamos, New Mexico

Social Security Number (See Notice Below)

---

\*  \*  \*  \*  .  \*

---

## SECURITY DEBRIEFING ACKNOWLEDGMENT

Having been reminded of my continuing obligation to comply with the terms of this Agreement, I hereby acknowledge that I was debriefed on the following SCI Special Access Program(s):

(Special Access Programs by Initials Only)

Signature of Individual Debriefed        Date Debriefed

Printed or Typed Name

Social Security Number (See Notice Below)     Organization (Name and Address)

I certify that the debriefing presented by me on the above date was in accordance with relevant SCI procedures.

Signature of Debriefing Officer

Printed or Typed Name           Organization (Name and Address)

Social Security Number (See Notice Below)

---

NOTICE: The Privacy Act, 5 U.S.C. 522a, requires that federal agencies inform individuals, at the time information is solicited from them, whether the disclosure is mandatory or voluntary, by what authority such information is solicited, and what uses will be made of the information. You are hereby advised that authority for soliciting your Social Security Account Number (SSN) is Executive Order 9397. Your SSN will be used to identify you precisely when it is necessary to 1) certify that you have access to the information indicated above, 2) determine that your access to the information indicated has terminated, or 3) certify that you have witnessed a briefing or debriefing. Although disclosure of your SSN is not mandatory, your failure to do so may impede such certifications or determinations.

**Tab 5**

# "Classified Information Nondisclosure Agreement (Industrial/Commercial/Non-Government)" (Form 189-A (6-86) Dated 6-29-87

# CLASSIFIED INFORMATION NONDISCLOSURE AGREEMENT
## (INDUSTRIAL/COMMERCIAL/NON-GOVERNMENT)

AN AGREEMENT BETWEEN   Danny B. Stillman   AND THE UNITED STATES

(Name of Individual - Type or print)

1. Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to classified information. As used in this Agreement, classified information is information that is classified under the standards of Executive Order 12356, or under any other Executive order or statute that prohibits the unauthorized disclosure of information in the interest of national security. I understand and accept that by being granted access to classified information, special confidence and trust shall be placed in me by the United States Government.

2. I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of classified information, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information have been approved for access to it, and that I understand these procedures.

3. I have been advised and am aware that direct or indirect unauthorized disclosure, unauthorized retention, or negligent handling of classified information by me could cause irreparable injury to the United States or could be used to advantage by a foreign nation. I hereby agree that I will never divulge such information unless I have officially verified that the recipient has been properly authorized by the United States Government to receive it or I have been given prior written notice of authorization from the United States Government Department or Agency (hereinafter Department or Agency) responsible for the classification of the information that such disclosure is permitted. I further understand that I am obligated to comply with laws and regulations that prohibit the unauthorized disclosure of classified information.

4. I have been advised and am aware that any breach of this Agreement may result in the termination of any security clearances I hold and removal from any position of special confidence and trust requiring such clearances. In addition, I have been advised and am aware that any unauthorized disclosure of classified information by me may constitute a violation, or violations, of United States criminal laws, including the provisions of Sections 641, 793, 794, and 798, Title 18, United States Code, and the provisions of the Intelligence Identities Protection Act of 1982. I recognize that nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

5. I hereby assign to the United States Government all royalties, remunerations, and emoluments that have resulted, will result or may result from any disclosure, publication, or revelation not consistent with the terms of this Agreement.

6. I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement.

7. I understand that all classified information to which I may obtain access by signing this Agreement is now and will forever remain the property of the United States Government. I do not now, nor will I ever, possess any right, interest, title, or claim whatsoever to such information. I agree that I shall return all materials which have, or may have, come into my possession or for which I am responsible because of such access, upon demand by an authorized representative of the United States Government or upon the conclusion of my employment or other relationship that requires access to classified information. If I do not return such materials upon request, I understand that this may be a violation of Section 793, Title 18, United States Code, a United States criminal law.

8. Unless and until I am released in writing by an authorized representative of the United States Government, I understand that all conditions and obligations imposed upon me by this Agreement apply during the time I am granted access to classified information, and at all times thereafter.

9. Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect.

(Continue on reverse)

10. I have read this Agreement carefully and my questions, if any, have been answered to my satisfaction. I acknowledge that the briefing officer has made available to me Sections 641, 793, 794, and 798, of Title 18, United States Code, the Intelligence Identities Protection Act of 1982, and Executive Order 12356, so that I may read them at this time, if I so choose.

11. I make this Agreement without mental reservation or purpose of evasion.

| SIGNATURE | DATE | SOCIAL SECURITY NUMBER (See Notes below) |
|---|---|---|
| *Dan B. Sell* | 6/29/87 | ▓▓▓▓▓▓▓▓ |

CONTRACTOR, LICENSEE, GRANTEE OR AGENT NAME, ADDRESS AND, IF APPLICABLE, FEDERAL SUPPLY CODE NUMBER (Type or print)

LOS ALAMOS NATIONAL LABORATORY

P. O. BOX 1663
LOS ALAMOS, NM 87545

| WITNESS | ACCEPTANCE |
|---|---|
| THE EXECUTION OF THIS AGREEMENT WAS WITNESSED BY THE UNDERSIGNED. | THE UNDERSIGNED ACCEPTED THIS AGREEMENT ON BEHALF OF THE UNITED STATES GOVERNMENT. |

| SIGNATURE | DATE | SIGNATURE | DATE |
|---|---|---|---|
| *Johanna Webb* | 6/29/87 | | |

NAME AND ADDRESS (Type or print)

Johanna J. Webb
Los Alamos National Laboratory
International Technology Division
Los Alamos, NM 87545

NAME AND ADDRESS (Type or print)

## SECURITY DEBRIEFING ACKNOWLEDGMENT
### (The use of this acknowledgment for security debriefings is optional.)

I reaffirm that the provisions of the espionage laws and other Federal criminal laws applicable to the safeguarding of classified information have been made available to me: that I have returned all classified information in my custody; that I will not communicate or transmit classified information to any unauthorized person or agency; that I will promptly report to the Federal Bureau of Investigation any attempt by an unauthorized person to solicit classified information, and that I (have) (have not) (strike out inappropriate word or words) received a final oral security briefing.

| SIGNATURE OF EMPLOYEE | DATE |
|---|---|
| | |

| NAME OF WITNESS (Type or print) | SIGNATURE OF WITNESS |
|---|---|
| | |

NOTICE: The Privacy Act, 5 U.S.C. 552a, requires that federal agencies inform individuals, at the time information is solicited from them, whether the disclosure is mandatory or voluntary, by what authority such information is solicited, and what uses will be made of the information. You are hereby advised that authority for soliciting your Social Security Account Number (SSN) is Executive Order 9397. Your SSN will be used to identify you precisely when it is necessary to 1) certify that you have access to the information indicated above or 2) determine that your access to the information indicated has terminated. Although disclosure of your SSN is not mandatory, your failure to do so may result in the denial of your being granted access to classified information.

**Tab 6**

# Security Certification (from "Security at LANL" handout)
# Dated 12-16-88

---------------      ------------------------------      --------------------------------
Mail to: OS-12, Pe    ɔnnel Security, Mail Stop B236 (Attn: ᴗᴗcurity-Awareness Coordinator)

I, (please print)___Dan B. Stillman_____, certify that
I have read, understand, and will abide by the security regulations in the "Security at
Los Alamos National Laboratory" handout (from which this is taken), and that I will
follow other security/safeguards regulations and procedures for which I am
responsible.

Signed___Dan B. Stillman_____    Date___12/16/88___

Employee Number (Z-#)___073969___Laboratory Group___IT-DO___

Page 8 of 8 pages

DBS00005.001

**Tab 7**

**"Security Termination Statement" (DOE Form
5631.29 (8.86))
- "Transferring Clearance" written at top
Dated 2-15-95**

DOE F 5631.29
(8-86)
(Previously DP-136)

TRANSFER
CLEARENCE

OMB Control No.
1910-1800

_____
(Facility or Installation Where Terminated)

**U.S. DEPARTMENT OF ENERGY**

_____

**SECURITY TERMINATION STATEMENT**

_____

| NAME AND TITLE (Print all blocks) | EMPLOYER YOU ARE LEAVING |
|---|---|
| DAN B. STILLMAN | LANL AFFILIATE |
| RESIDENCE | NAME AND ADDRESS OF FUTURE EMPLOYER: |
| 425 Estante Way Los Alamos NM 87544 | LANL ASSOCIATE |
| REASON FOR TERMINATION: Transferring Clearance | |
| SOCIAL SECURITY NUMBER: | DATE OF BIRTH: 1/27/34 |
| DATE OF TERMINATION: 2/15/95 | DOE NUMBER (IF KNOWN): CH021867 |

21 FEB 5 10: 11

I make the following statement in connection with the forthcoming termination of my security clearance or access authorization granted by the Department of Energy:

1. I have destroyed in accordance with DOE security regulations or transferred to persons designated by the Department of Energy all classified documents and material which I was charged or which I had in my possession.

2. I shall not reveal to any person any Restricted Data, or other classified information of which I have gained knowledge except as authorized by law, regulations of the Department of Energy, or in writing by officials of the Department of Energy empowered to grant permission for such disclosure.

3. I am aware that the Atomic Energy Act of 1954 and U.S. Code, Title 18 "Crimes and Criminal Procedures," prescribe penalties for unauthorized disclosure of Restricted Data, Formerly Restricted Data, and other information relating to the national defense.

4. I am aware that I may be subject to criminal penalties if I have made any statement of material facts knowing that such statement is false or if I willfully conceal any material fact (Title 18, U.S. Code, Section 1001).

5. I know that the Department of Energy desires to be informed when former DOE or DOE contractor personnel enter the military service if they have had access to Top Secret information or classified information currently of material sensitivity to the national security.

6. I understand that the Department of Energy desires to be informed when persons who have been granted DOE access authorization propose to travel to communist countries. This does not apply to individuals who obtain DOE access authorization and receive access to Restricted Data or Formerly Restricted Data solely as employees of other Government agencies or their contractors.

(Normally, an individual will not be asked to forego any travel unless the travel is of such a nature as to be considered unwise from the standpoint of personal safety or there are special circumstances existing which would make such travel unwise from the standpoint of the national security. The DOE's security interest in such travel normally diminishes as the period of access to Restricted Data, Formerly Restricted Data or other classified information becomes more remote.)

_____
(Signature of Person Conducting Interview)

_____
(Signature of Person Whose Access Authorization is
Being Terminated)

_____
(Title of Position)

2/15/95
_____
(Date)

See reverse for Privacy Act Statement

**Tab 8**

**"Security Termination Statement" (DOE Form
5631.29(8-86))
- debriefing only re Q clearance at DOE
(written at bottom)
Dated 10-20-95**

DOE F 5631.29   Case 1:01-cv-01342-EGS   Document 90-4   Filed 04/15/04   Page 22 of   OMB Control No.
(8-86)                                                            1910-1800
(Previously DP-136)

(Facility or Installation Where Terminated)

## U.S. DEPARTMENT OF ENERGY

## SECURITY TERMINATION STATEMENT

| NAME AND TITLE (Print all blocks) | EMPLOYER YOU ARE LEAVING |
|---|---|
| STILLMAN, Danny B. Consultant | DOE/NV |

| FUTURE RESIDENCE | NAME AND ADDRESS OF FUTURE EMPLOYER: |
|---|---|
| N/A | N/A |

| REASON FOR TERMINATION: | |
|---|---|
| Access no longer required | |

| SOCIAL SECURITY NUMBER: | DATE OF BIRTH: |
|---|---|
| ▓▓▓▓▓▓▓▓ | 01/27/34 |

| DATE OF TERMINATION: | DOE NUMBER (IF KNOWN) |
|---|---|
| | CA 21867 VG |

I make the following statement in connection with the forthcoming termination of my security clearance or access authorization granted by the Department of Energy:

1. I have destroyed in accordance with DOE security regulations or transferred to persons designated by the Department of Energy all classified documents and material which I was charged or which I had in my possession. *Note: I never had any classified document at NV.*

2. I shall not reveal to any person any Restricted Data, Formerly Restricted Data, or other classified information of which I have gained knowledge except as authorized by law, regulations of the Department of Energy, or in writing by officials of the Department of Energy empowered to grant permission for such disclosure.

3. I am aware that the Atomic Energy Act of 1954 and U.S. Code, Title 18 "Crimes and Criminal Procedures," prescribe penalties for unauthorized disclosure of Restricted Data, Formerly Restricted Data, and other information relating to the national defense.

4. I am aware that I may be subject to criminal penalties if I have made any statement of material facts knowing that such statement is false or if I willfully conceal any material fact (Title 18, U.S. Code, Section 1001).

5. I know that the Department of Energy desires to be informed when former DOE or DOE contractor personnel enter the military service if they have had access to Top Secret information or classified information currently of material sensitivity to the national security.

6. I understand that the Department of Energy desires to be informed when persons who have been granted DOE access authorization propose to travel to communist countries. This does not apply to individuals who obtain DOE access authorization and receive access to Restricted Data or Formerly Restricted Data solely as employees of other Government agencies or their contractors.

*(Normally, an individual will not be asked to forego any travel unless the travel is of such a nature as to be considered unwise from the standpoint of personal safety or there are special circumstances existing which would make such travel unwise from the standpoint of the national security. The DOE's security interest in such travel normally diminishes as the period of access to Restricted Data, Formerly Restricted Data or other classified information becomes more remote.)*

*I am signing this piece of paper to be debriefed only from an extension of my Q at DOE/l*

_____
(Signature of Person Conducting Interview)

_____
(Signature of Person Whose Access Authorization is Being Terminated)

Lab Associate
(Title of Position)

10/20/95
(Date)

See reverse for Privacy Act Statement

DBS00007.001

# Tab 9

# "Security Acknowledgment" (DOE Form)
# 12-8-95

DEPARTMENT OF ENERGY

OMB Burden Disclosure Statement

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Office of Information Resources Management Policy, Plans, and Oversight, Records Management Division, HR-422 - GTN, Paperwork Reduction Project (1910-1600), U.S. Department of Energy, 1000 Independence Avenue, S.W., Washington, DC 20585; and to the Office of Management and Budget (OMB), Paperwork Reduction Project (1910-1800), Washington, DC 20503.

## SECURITY ACKNOWLEDGEMENT

I, _Danny Stillman_, make the following statements with the understanding and intent that my statements will be used by the U.S. Department of Energy (DOE) in meeting its obligation to determine my eligibility for access to Restricted Data, other classified information, and special nuclear material.

1. I understand that it is the policy of the DOE to control access to and dissemination of Restricted Data, other classified information, and special nuclear material.

2. I understand that, in carrying out the aforesaid policy, the DOE has issued and will issue and revise, as circumstances require, certain instructions and regulations pertaining to the access to, and control and dissemination of Restricted Data, other classified information, or special nuclear material.

3. I shall not reveal to any person any Restricted Data or other classified information, of which I gain knowledge as a result of my employment, assignment, or duties, except in accordance with official instructions and regulations of the DOE or except as may be hereafter authorized by officials empowered to grant such authority.

4. I understand that the provisions of the Atomic Energy Act of 1954 prescribe penalties for the disclosure of Restricted Data to unauthorized persons, and the provisions of U.S. Code, Title 18, "Crimes and Criminal Procedures," prescribe penalties for the disclosure to unauthorized persons of information respecting the national defense, and for loss, destruction or compromise of such information through gross negligence.

5. I understand that willful or gross carelessness in revealing or disclosing to any unauthorized person Restricted Data or other classified matter pertaining to the DOE or any other Government agency may constitute sufficient cause for termination of my association with classified programs.

6. I understand that I am to report to the DOE any proposed travel to a sensitive country. Procedures for reporting such travel are contained in DOE 1500.3, "Foreign Travel Authorization."

7. I understand that my use of alcohol habitually to excess, and/or my involvement with any illegal drug, could result in the loss of my DOE access authorization.

8. I understand that I am to provide to the DOE: within 5 working days, information concerning any legal action to effect a change in my name; and within 45 calendar days, a DOE F 5631.34, "Data Report on Spouse," in accordance with the provisions of Chapter V, DOE 5631.2C, "Personnel Security Program."

9. I understand that I am to notify the DOE directly within 5 working days of all arrests, charges (including charges that are dismissed), or detentions by Federal, State, or other law enforcement authorities, for any violation of any Federal law, State law, county or municipal law, regulation or ordinance, other than traffic violations for which a fine of $250 or less was imposed, occurring during any period in which I may hold DOE access authorization and which occurred subsequent to the completion of the security forms which I executed on:

| | |
|---|---|
| 12/8/95 | _Dan B. Still___ |
| Date | Signature |
| LANL | LANL |
| (Place at which Security Acknowledgement is Signed) | (Name of Employer) |

Privacy Act Statement and Clearance Criteria on Reverse

BOTH SIDES OF THIS FORM MUST BE READ AND SIGNED



Printed with soy ink on recycled paper

**Tab 10**

**"Sensitive Compartmented Information
Nondisclosure Agreement" with Security
Debriefing Acknowledgment
(Form 4414)
Dated 5-20-96**

# OFFICIAL USE ONLY

## SENSITIVE COMPARTMENTED INFORMATION NONDISCLOSURE AGREEMENT

An Agreement Between _____ **Danny B. Stillman** _____ and the United States

(Name – Printed or Typed)

1. Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to information or material protected within Special Access Programs, hereinafter referred to in this Agreement as Sensitive Compartmented Information (SCI). I have been advised that SCI involves or derives from intelligence sources or methods and is classified or is in the process of a classification determination under the standards of Executive Order 12356 or other Executive order or statute. I understand and accept that by being granted access to SCI, special confidence and trust shall be placed in me by the United States Government.

2. I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of SCI, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information or material have been approved for access to it, and I understand these procedures. I understand that I may be required to sign subsequent agreements upon being granted access to different categories of SCI. I further understand that all my obligations under this Agreement continue to exist whether or not I am required to sign such subsequent agreements.

3. I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of SCI by me could cause irreparable injury to the United States or be used to advantage by a foreign nation. I hereby agree that I will never divulge anything marked as SCI or that I know to be SCI to anyone who is not authorized to receive it without prior written authorization from the United States Government department or agency (hereinafter Department or Agency) that last authorized my access to SCI. I understand that it is my responsibility to consult with appropriate management authorities in the Department or Agency that last authorized my access to SCI, whether or not I am still employed by or associated with that Department or Agency or a contractor thereof, in order to ensure that I know whether information or material within my knowledge or control that I have reason to believe might be SCI, or related to or derived from SCI, is considered by such Department or Agency to be SCI. I further understand that I am also obligated by law and regulation not to disclose any classified information or material in an unauthorized fashion.

4. In consideration of being granted access to SCI and of being assigned or retained in a position of special confidence and trust requiring access to SCI, I hereby agree to submit for security review by the Department or Agency that last authorized my access to such information or material, any writing or other preparation in any form, including a work of fiction, that contains or purports to contain any SCI or description of activities that produce or relate to SCI or that I have reason to believe are derived from SCI, that I contemplate disclosing to any person not authorized to have access to SCI or that I have prepared for public disclosure. I understand and agree that my obligation to submit such preparations for review applies during the course of my access to SCI and thereafter, and I agree to make any required submissions prior to discussing the preparation with, or showing it to, anyone who is not authorized to have access to SCI. I further agree that I will not disclose the contents of such preparation to any person not authorized to have access to SCI until I have received written authorization from the Department or Agency that last authorized my access to SCI that such disclosure is permitted.

5. I understand that the purpose of the review described in paragraph 4 is to give the United States a reasonable opportunity to determine whether the preparation submitted pursuant to paragraph 4 sets forth any SCI. I further understand that the Department or Agency to which I have made a submission will act upon it, coordinating within the Intelligence Community when appropriate, and make a response to me within a reasonable time, not to exceed 30 working days from date of receipt.

6. I have been advised that any breach of this Agreement may result in the termination of my access to SCI and removal from a position of special confidence and trust requiring such access, as well as the termination of my employment or other relationships with any Department or Agency that provides me with access to SCI. In addition, I have been advised that any unauthorized disclosure of SCI by me may constitute violations of United States criminal laws, including the provisions of Sections 793, 794, 798, and 952, Title 18, United States Code, and of Section 783(b), Title 50, United States Code. Nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

7. I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement. I have been advised that the action can be brought against me in any of the several appropriate United States District Courts where the United States Government may elect to file the action. Court costs and reasonable attorneys fees incurred by the United States Government may be assessed against me if I lose such action.

8. I understand that all information to which I may obtain access by signing this Agreement is now and will remain the property of the United States Government unless and until otherwise determined by an appropriate official or final ruling of a court of law. Subject to such determination, I do not now, nor will I ever possess any right, interest, title, or claim whatsoever to such information. I agree that I shall return all materials that may have come into my possession or for which I am responsible because of such access, upon demand by an authorized representative of the United States Government or upon the conclusion of my employment or other relationship with the United States Government entity providing me access to such materials. If I do not return such materials upon request, I understand this may be a violation of Section 793, Title 18, United States Code.

9. Unless and until I am released in writing by an authorized representative of the Department or Agency that last provided me with access to SCI, I understand that all conditions and obligations imposed upon me by this Agreement apply during the time I am granted access to SCI, and at all times thereafter.

10. Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect. This Agreement concerns SCI and does not set forth such other conditions and obligations not related to SCI as may now or hereafter pertain to my employment by or assignment or relationship with the Department or Agency.

11. I have read this Agreement carefully and my questions, if any, have been answered to my satisfaction. I acknowledge that the briefing officer has made available Sections 793, 794, 798, and 952 of Title 18, United States Code, and Section 783(b) of Title 50, United States Code, and Executive Order 12356, as amended, so that I may read them at this time, if I so choose.

FORM **4414** (Replaces Form 4355 which is obsolete and will not be used)

# OFFICIAL USE ONLY

DBS00008.001

OFFICIAL USE ONLY

SFN __ _____

12. I hereby assign to the United States Government all rights, title and interest, and all royalties, remunerations, and emoluments that have resulted, will result, or may result from any disclosure, publication, or revelation not consistent with the terms of this Agreement.

13. These restrictions are consistent with and do not supersede conflict with or otherwise alter the employee obligations rights or liabilities created by Executive Order 12356; section 7211 of title 5, United States Code (governing disclosures to Congress); section 1034 of title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosure to Congress by members of the Military); section 2302(b)(8) of title 5, United States Code, as amended by the Whistleblower Protection Act (governing disclosures of illegality, waste, fraud, abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 USC 421 et seq.) (governing disclosures that could expose confidential Government agents), and the statutes which protect against disclosure that may compromise the national security, including section 641, 793, 794, 798, and 952 of title 18, United States Code, and section 4(b) of the Subversive Activities Act of 1950 (50 U.S.C. section 783(b)). The definitions, requirements, obligations, rights, sanctions and liabilities created by said Executive Order and listed statutes are incorporated into this Agreement and are controlling.

13. This Agreement shall be interpreted under and in conformance with the law of the United States.

14. I make this Agreement without any mental reservation or purpose of evasion.

_____     05/20/96
Signature          Date

The execution of this Agreement was witnessed by the undersigned who accepted it on behalf of the United States Government as a prior condition of access to Sensitive Compartmented Information.

WITNESS and ACCEPTANCE: _____    05/20/96
Signature          Date

---

## SECURITY BRIEFING / DEBRIEFING ACKNOWLEDGMENT

//BYE//

_____  _____  _____  _____

_____  _____  _____  _____

(Special Access Programs by Initials Only)

| SSN (See Notice Below) | Danny B. Stillman | LANL |
|---|---|---|
| | Printed or Typed Name | Organization |

**BRIEF**     DATE_____

I hereby acknowledge that I was briefed on the above
SCI Special Access Programs(s):

_Signature of Individual Briefed_

**DEBRIEF**     DATE_____ 05/20/96

Having been reminded of my continuing obligation to comply with the terms of this Agreement, I hereby acknowledge that I was debriefed on the above SCI Special Access Programs(s):

_Signature of Individual Debriefed_

I certify that the briefing presented by me on the above date was in accordance with relevant SCI procedures.

_Signature of Briefing/Debriefing Officer_
Michael E. Busse
Printed or Typed Name

SSN (See Notice Below)
Los Alamos National Laboratory
Organization (Name and Address)

NOTICE: The Privacy Act, 5 U.S.C. 522a, requires that federal agencies inform individuals, at the time information is solicited from them, whether the disclosure is mandatory or voluntary, by what authority such information is solicited, and what uses will be made of the information. You are hereby advised that authority for soliciting your Social Security Account Number (SSN) is Executive Order 9397. Your SSN will be used to identify you precisely when it is necessary to 1) certify that you have access to the information indicated above, 2) determine that your access to the information indicated has terminated, or 3) certify that you have witnessed a briefing or debriefing. Although disclosure of your SSN is not mandatory, your failure to do so may impede such certifications or determinations.

# OFFICIAL USE ONLY